OWEN, WILLIAM C., Jr., (Retired), Associate Judge.
These consolidated administrative appeals are from substantially identical final orders entered by hearing officer William E. Williams of the Division of Administrative Hearings on separate Section 120.54(4), Florida Statutes (1980), rule challenges to the proposed amendments to the School Board’s rule pertaining to school attendance zones for the district’s middle schools and high schools, respectively. The School Board has appealed from that part of the orders holding a portion of the proposed rule amendment invalid, and the petitioners separately have appealed from that portion of the orders upholding the validity of the remainder of the proposed amendment. We conclude that the only error requiring reversal and discussion is the School Board’s first point relative to its obligation to furnish transportation for any student who, under the grandfather clause of the proposed rule, elects to attend a school outside of the attendance zone of his or her residence. Consequently, the recitation of facts is limited to those necessary for our discussion of that issue.
The School Board of Leon County determined on its own initiative to restructure attendance boundaries for the district’s schools in order “to make more effective use of school facilities and to seek greater
Since they are unlikely to recur, we do not discuss the other issues raised in this appeal. *19 racial balance” among the high schools and middle schools. At that time the School Board had in effect Rule 6Gx37-3.02 entitled “Assignment of Pupils,” subsection (2) of which included the statement, “all students enrolled in any school operated by the School Board shall attend the school offering their grade level located in the attendance zone of their residence except as hereinafter provided.” This sub-paragraph was then followed by several sub-sub-paragraphs (a-d) dealing with exceptions to this general rule on student assignments. One of the criteria which the Board had established for guidance in structuring the new attendance boundaries was that students in certain specified grades be permitted upon request to remain in the same school attended in the preceding year should the rezoning result in the attendance zone of their residence placing them in another school, with any needed transportation being provided by the parent and not the school board. In order to place into effect this provision for grandfathering as an additional exception to the general rule on student assignments, it was proposed to amend Rule 6Gx37-3.02(2) by adding a sub-sub-paragraph (e) as follows:
(e) Grandfathering. The following standards shall be for grandfathering certain students provided that their residence remains unchanged, in order to preserve educational continuity. Once a student has indicated his or her choice, in writing, changes may be made through application to the Board Reassignment Subcommittee.
(i) The Board shall, upon request, allow students who were enrolled in a high school during the 1980-81 school year to remain at that same high school if new zones for the 1981-82 school year put them in the attendance zone of a different high school so long as the parents shall be responsible for all necessary transportation.
(ii) Middle school students who will be in the eighth grade and elementary students who will be in the fifth grade during the 1981-82 school year shall, upon request, be allowed to remain at the school attended during the 1980-81 school year even though the 1981-82 school attendance zones place them in a new school so long as the parents shall be responsible for all necessary transportation.
A group of parents of students affected by the rezoning of high school attendance boundaries filed a timely rule challenge pursuant to Section 120.54(4), Florida Statutes, as did a separate group of parents of students affected by the rezoning of the middle school boundaries. The School Board’s motions to dismiss for lack of standing were denied following which a consolidated hearing on the two petitions was held before the hearing officer. In separate but substantially identical orders the hearing officer comprehensively and meticulously dealt with every issue raised by either the School Board or the petitioners. He first concluded that the rezoning constituted rule making and that the petitioners had standing to challenge the rule. He then upheld the validity of the proposed rule as against the attacks made on the grounds of inadequacy of notice and insufficiency of economic impact statement, the hearing officer finding “that the School Board either complied with the notice and economic impact requirements of Chapter 120, Florida Statutes or to the extent that any minor irregularities appeared of record, there has been no showing that they impaired the fairness of the proceeding.” However, the hearing officer also concluded that Section 234.01, Florida Statutes, required the Board to provide students with free transportation to the “nearest appropriate” school, and that under the grandfather clause of the proposed rule, as to any student who qualified thereunder, there were two “appropriate” schools for that student as to whom the School Board was required to provide free transportation to whichever of the “appropriate” schools was both two miles or more from the student’s home and nearer to the student’s home than any other school which the Board may have deemed “appropriate.” The hearing officer held that to the extent the proposed rule might be construed or interpreted to relieve *20 the School Board of its financial responsibility to transport any grandfathered student living outside a two mile radius from the grandfathered school, which school was also the nearest to his or her residence, the proposed rule constituted an invalid exercise of delegated legislative authority.
When the School Board established school attendance zones, it established for each student in the district the “appropriate school,” i.e. the school offering the student’s grade level located in the attendance zone of the student’s residence, or such other school offering the student’s grade level to which the student might be assigned involuntarily. When the School Board determined to create certain exceptions to the school attendance zones whereby a qualified student could voluntarily elect to attend a school other than the zoned school, the alternative or “optional” school did not thereby become an “appropriate school” within the contemplation of the school transportation statute, Section 234.01, Florida Statutes. Furthermore, we think it clear that where a school board has the discretionary authority to provide an option to students as to their school of assignment, the board also has the discretion to condition the manner by which this option is exercised. Local school boards are directed by the State Board of Education, under Rule 6A-3.17 Florida Administrative Code to provide transportation by school bus when it is “economical and practical.” The school board has provided for transportation for those students who qualify and who are in attendance at the zone school. The board should not be made to bear the expense of providing a second transportation system for those who opt to attend a nonzone school.
We hold that the School Board’s proposed rule (whereby it was relieved of its financial responsibility to transport certain students who, under a grandfather clause of the rule, opted to attend a district school other than the school designated by the Board to serve the zone in which the student resided) was a valid exercise of delegated legislative authority, and thus, that it was error for the hearing officer to hold that portion of the proposed rule invalid. That part of the appealed orders which holds the proposed rule to constitute an invalid exercise of delegated legislative authority is reversed. In all other respects, the appealed orders are affirmed.
JOANOS and WIGGINTON, JJ., concur.